**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES P. PREVITI, et al., | No. 13-56368 |
| Plaintiffs - Appellants, | D.C. No. 5:13-CV-00190-DDP-OP |
| v. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted October 22, 2015
Pasadena, California

Before: RAWLINSON and NGUYEN, Circuit Judges, and PONSOR, Senior
District Judge.**

Appellants James P. Previti, The James Previti Family Trust, Previti Realty

Fund, LP, Larry Day, Empire Partners, Inc., Empire Residential, Inc., Forecast

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Michael A. Ponsor, Senior District Judge for the U.S.
District Court for Massachusetts, sitting by designation.

Corporation, Guardian Commercial Real Estate, LP, Guardian Investment Capital, LLC, Neil Miller, and Paul Roman ("Previti Parties") appeal from the partial judgment entered against them and in favor of Appellee National Union Fire Insurance Company of Pittsburgh. National Union issued to the Previti Parties three Directors, Officers and Private Company Liability insurance policies for the consecutive periods December 31, 2007, to April 28, 2009 (the "2007-2009 Policy"), April 28, 2009, to April 28, 2010 (the "2009-2010 Policy"), and April 28, 2010, to April 28, 2011 (the "2010-2011 Policy"). Each policy provided a limit of liability of $10 million. In November 2008, the Previti Parties sent to National Union a copy of a motion for entry of order converting Chapter 11 bankruptcy cases to Chapter 7 (the "Conversion Motion"), which alleged preferential and fraudulent transfers of money from the debtor companies to non-debtor affiliates. National Union accepted the Conversion Motion as a Notice of Circumstances invoking coverage under the 2007-2009 Policy.

After the Chapter 7 trustee filed its first action on May 12, 2009, the Previti Parties submitted a claim under the 2007-2009 Policy, for which National Union agreed to advance defense costs. Thereafter, the Previti Parties argued that the subsequent twenty-seven claims filed against them fell under the later two policies, thus entitling them to advancement of an additional $20 million in defense costs

2

under the 2009-2010 and 2010-2011 Policies. The district court granted partial summary judgment for National Union, finding that all twenty-eight actions, together called the Underlying Actions, fell under the 2007-2009 Policy alone, entitling the Previti Parties only to $10 million in coverage, and not to an additional $20 million provided through the subsequent policies.

We have jurisdiction to review the district court's final decision under 28 U.S.C. § 1291. We review *de novo* both the district court's granting of partial summary judgment and its interpretation of the contract. *U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 933-34 (9th Cir. 2002). We affirm.

On appeal, the Previti Parties offer three arguments: first, that in granting partial summary judgment the district court applied an incorrect burden of proof; second, that the district court construed the term "Related Wrongful Acts" in the relevant policies over broadly; and, third, that the district court erred in concluding that the 2008 Notice of Circumstances constituted sufficient notice as to all of the Underlying Actions.

None of these arguments withstands scrutiny.

First, the district court applied the proper burden of proof in concluding that National Union produced sufficient evidence establishing that there was no potential for coverage and that, therefore, the burden shifted to the Previti Parties

3

to set forth specific facts to create a genuine issue of material fact regarding this issue. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000) (stating that the moving party has the burden of production and persuasion on a motion for summary judgment, but once that burden is met, the non-moving party must produce sufficient evidence to create a genuine issue of material fact, otherwise the "moving party wins the motion"); *Gasaway v. Nw. Mut. Life Ins. Co.*, 26 F.3d 957, 959-60 (9th Cir. 1994) (stating that once the moving party shows there is no genuine issue of material fact, the non-moving party must overcome that showing by going "beyond the pleadings" and with more than "mere allegations or denials") (quotations omitted).

Second, the Previti Parties' argument that the district court's interpretation of the term "Related Wrongful Acts" was overly broad is foreclosed by the unambiguous language of the contract. *Stanford Univ. Hosp. v. Fed. Ins. Co.*, 174 F.3d 1077, 1083 (9th Cir. 1999) (stating that contract language "must be interpreted as a whole and in the circumstances of the case"); *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854, 867 (1993) (same). The term "Related Wrongful Acts," when construed with the other contract provisions, encompasses a broad range of acts clearly extending to all the Underlying Actions. Indeed, the Previti Parties themselves repeatedly conceded during the course of the

4

bankruptcy litigation that the Underlying Actions were related. Given this, the district court did not err in determining that the Underlying Actions were excluded from coverage under the two later policies because the actions all arose out of "Related Wrongful Acts," as defined under the first policy. *See Bay Cities Paving & Grading, Inc.*, 5 Cal. 4th at 873 (noting the broad scope of the term "related").

Third, the record firmly establishes that the Notice of Circumstances submitted under the 2007-2009 Policy qualified as a notice for all the Underlying Actions, as it alleged a broad fraudulent scheme involving both debtor insiders and non-debtor affiliates, as well as questionable pre- and post-petition transfers. *Cf. Cont'l Ins. Co. v. Metro-Goldwyn-Mayer, Inc.*, 107 F.3d 1344, 1348 (9th Cir. 1997) (concluding that a notice was sufficiently specific where it provided all the information that was available during the policy period, set forth the details of the events and potential consequences, and gave a "laundry list" of potential claims).

**AFFIRMED.**